UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JON SORGENTE,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                                        **TO REMAND**
                                                                                         18-CV-7100 (RRM) (CLP)

      -against-

WELLS FARGO BANK, N.A., and WELLS FARGO
HOME MORTGAGE,

                Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Jon Sorgente, proceeding *pro se*, brings this action against Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage (collectively, "Wells Fargo") alleging violations of various federal statutes and regulations arising out of Wells Fargo's issuance of, management of, and subsequent foreclosure upon the mortgage on Sorgente's property at 26 Manhasset Drive, Mastic Beach, NY 11951. (Complaint ("Compl.") (Doc. No. 1-1) at 8–17.) After removing Sorgente's action to this Court, Wells Fargo now moves to dismiss Sorgente's complaint, arguing, among other things, that this Court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because Sorgente's action seeks review of a state court judgment. (Motion to Dismiss ("Mot.") (Doc. No. 15) at 11.) As explained below, the Court finds that it lacks subject-matter jurisdiction over this action and remands the action to the Supreme Court of the State of New York, Suffolk County.

## BACKGROUND

### I. Relevant Facts

      The following facts are drawn from the complaint and from state court documents of which this Court may properly take judicial notice. *See Liberty Mut. Ins. Co. v. Rotches Pork*

*Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

On March 6, 2014, Wells Fargo filed a complaint in the Supreme Court of the State of New York, Suffolk County, ("Suffolk County Supreme Court"), seeking to foreclose on Sorgente's property at 26 Manhasset Drive, Mastic Beach, NY 11951.  (Foreclosure Compl. (Doc. No. 14-1) at 1.)[1]  Wells Fargo maintained that it had issued a loan for $394,778.57 secured by the property and that Sorgente had defaulted on the loan as of January 1, 2011.  (*Id.* at 1, 13.) Sorgente was served with the summons and complaint on March 22, 2014.  (Doc. No. 14-2.) Sorgente defaulted, and on September 11, 2017, the court issued a judgment ordering Sorgente's property at 26 Manhasset Drive sold at public auction to satisfy the $434,900.61 debt Sorgente owed Wells Fargo.  (Doc. Nos. 14-3, 14-4, 14-5, 14-6.)

On March 9, 2018, Sorgente filed a notice of appeal in Suffolk County Supreme Court. (Doc. No. 14-3.)  Sorgente also filed a motion for an order to show cause seeking, among other things, to vacate the judgment of foreclosure.  That motion was denied on August 30, 2018. (Doc. No. 14-8.)  The Supreme Court of the State of New York, Appellate Division, Second Department ("Appellate Division"), subsequently denied Sorgente's motion to stay foreclosure proceedings pending his appeal and ordered Sorgente to show cause why his appeal should not be dismissed given that "no appeal lies from a judgment entered upon the default of an appealing party."  *Wells Fargo Bank, N.A. v. Jon Sorgente*, Index No. 61514/14 (N.Y. App. Div. May 23,

---

[1] Page numbers refer to pagination assigned by the Court's Electronic Case Filing system.

2

2018). The Appellate Division subsequently dismissed Sorgente's appeal on June 28, 2018. *See Wells Fargo Bank, N.A. v. Jon Sorgente*, Index No. 61514/14 (N.Y. App. Div. June 28, 2018).

Sorgente filed the instant action on October 31, 2018, in Suffolk County Supreme Court. (Compl. at 5.) In the complaint, Sorgente alleges that Wells Fargo engaged in, among other things, fraud and "predatory lending," in violation of 15 U.S.C. §§ 1601, 1635, 1638, 12 U.S.C. § 2610, and 12 C.F.R. § 226. (Compl. at 7–8, 10.) Sorgente describes how Wells Fargo "engaged in illegal foreclosure action by way of fraudulent assignment of [his] mortgage and unconstitutional judicial process and due process rights." (*Id.* at 9.) Among the allegations in the complaint, Sorgente alleges that Wells Fargo failed to attach certain required documents to the complaint in the state court foreclosure proceeding against him. (*Id.* at 11.) Sorgente further alleges that Wells Fargo lacked standing to bring the foreclosure action in the first place. (*Id.* at 16.) As relief, Sorgente demands that the judgment of foreclosure be vacated and the loan discharged, or, in the alternative, that Wells Fargo be ordered to pay $394,778.57 in damages. (*Id.* at 10–17.)

Wells Fargo removed Sorgente's action to this Court on December 13, 2018. (Notice of Removal (Doc. No. 1).) As its basis for removal, Wells Fargo cites this Court's federal question jurisdiction over Sorgente's cause of action under the Truth in Lending Act, 15 U.S.C. § 1601. (*See id.* at 2.) *See* 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## II. Motion to Dismiss

3

Wells Fargo now moves to dismiss Sorgente's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing in part that this Court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (Mot. at 11.) In his opposition brief, Sorgente does not challenge Wells Fargo's arguments related to the *Rooker*-Feldman doctrine, but instead contends, among other things, that defense counsel failed to properly remove this action within 30 days, failed to comply with various requirements of New York's Civil Practice Law and Rules in filing this motion, and failed to properly register as a foreign agent pursuant to 22 U.S.C. § 611. (Opposition to Motion to Dismiss ("Opp.") (Doc. No. 17) at 1–3.) In reply, defendants argue, among other things, that the provisions of the New York Civil Practice Law and Rules do not apply to this action, that they properly removed the action within 30 days, and that this action should be dismissed pursuant to the *Rooker-Feldman* doctrine. (Reply is Support of Motion to Dismiss ("Reply") (Doc. No. 18) at 3–7.)

## DISCUSSION

### I. Applicable Law

As the Second Circuit recently explained,

> [T]he *Rooker-Feldman* doctrine establishes "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." For the doctrine to apply, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced."

*Edwards v. McMillen Capital, LLC*, 952 F.3d 32, 35 (2d Cir. 2020) (quoting *Sung Cho v. City of New York*, 910 F.3d 639, 644–45 (2d Cir. 2018)) (citations omitted).

In other words, "The substantive requirements of *Rooker–Feldman* are that 'the plaintiff must complain of injuries caused by a state court judgment' and 'the plaintiff must invite district

4

court review and rejection of that judgment.'" *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 164 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

In the context of actions relating to mortgage foreclosure, courts in this circuit have explained that allegations that a mortgage foreclosure violated a plaintiff's constitutional rights, or that a foreclosure judgment was procured by fraud, will not suffice to provide a court with jurisdiction under the *Rooker-Feldman* doctrine in actions where "any injuries the plaintiff allegedly suffered in this case arose from the . . . state court foreclosure judgment" and "[t]o remedy those injuries, th[e] Court would be required to review that judgment or to readjudicate" aspects of the state court judgment. *Drew v. Chase Manhattan Bank, N.A.*, No. 95-CV-3133 (JGK), 1998 WL 430549, at *5 (S.D.N.Y. July 30, 1998); *see also Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 517 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016) ("[E]ven though Plaintiffs allege that the state court judgments resulted from fraud, *Rooker–Feldman* still bars their federal claims."). The same is true with respect to claims premised on allegations that the party that obtained the judgment of foreclosure lacked standing to pursue those claims. *See Pennicott v. JPMorgan Chase Bank, N.A.*, No. 16-CV-3044 (VB), 2018 WL 1891312, at *3 (S.D.N.Y. Apr. 18, 2018) ("*Rooker-Feldman* bars claims that ask a court to find a defendant lacked standing to pursue foreclosure in a prior state court action, because such claims require a court to sit in review of the state court judgment.").

When a district court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine, the court ordinarily dismisses the complaint without prejudice. *See Pelczar v. Kelly*, 795 F. App'x 55, 57 (2d Cir. 2020) (summary order). However, "[w]hen a defendant is sued in state court on a

5

claim appropriately brought in state court, which a federal court would be powerless to adjudicate, the defendant may not defeat the claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Accordingly, as the Second Circuit held in *Vossbrinck*, it is error for a district court to dismiss, instead of remand, a challenge to a state foreclosure judgment based on lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine after the defendant has removed the case to federal court despite the fact that the case was properly brought in state court. *Id.*; *see* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded.").

## II. Subject-Matter Jurisdiction

This Court lacks subject-matter jurisdiction to adjudicate Sorgente's claims. Although not always clear, the plain aim of Sorgente's complaint is to obtain review, and ultimately upset, the state court judgment of foreclosure against him. For instance, Sorgente alleges that Wells Fargo failed to attach critical documents in the course of the proceeding that resulted in the judgment of foreclosure against him, (Compl. at 11), plainly seeking "review and rejection of that judgment." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 164. Sorgente separately argues that Wells Fargo lacked standing to pursue the state court foreclosure action, another type of claim barred by the *Rooker-Feldman* doctrine. *See Pennicott*, 2018 WL 1891312, at *3. It is of no consequence that Sorgente pleads federal causes of action and alleges fraud related to the foreclosure judgment. *See Drew*, No. 95-CV-3133 (JGK), 1998 WL 430549, at *5. Because Sorgente's complaint alleges an injury arising out of the previous state court judgment of foreclosure against him and invites "review and rejection of that judgment," which was settled

6

before this action commenced, this Court lacks subject-matter jurisdiction over Sorgente's claims. *Edwards*, 952 F.3d at 35.

### III. Remand

Here, Wells Fargo seeks to have the complaint it removed to this Court dismissed because this Court lacks subject-matter jurisdiction. (Mot. at 12.) However, a defendant may not defeat an action properly brought in state court "by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction." *Vossbrinck*, 773 F.3d at 427; *see also* 28 U.S.C. § 1447. Wells Fargo makes no argument that this action was not properly brought in state court initially. As a result, dismissal would be improper here. This Court's determination that it lacks subject-matter jurisdiction over the action requires that the action be remanded to Suffolk County Supreme Court for further proceedings.

## CONCLUSION

For the reasons set forth above, this Court lacks subject-matter jurisdiction over this action. The Clerk of Court is respectfully directed to remand this case to Supreme Court of the State of New York, Suffolk County, for further proceedings, to mail a copy of this Order and the Judgment to the *pro se* plaintiff, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      May 28, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge